Wan v. Sessions

BIA
A073 533 991

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of August, two thousand seventeen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> *Circuit Judges.*

_____

AIWEI WAN,
> *Petitioner,*

v.

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

14-1304
NAC

_____

| | |
|---|---|
| **FOR PETITIONER:** | Theodore N. Cox, New York, New York. |
| **FOR RESPONDENT:** | Joyce R. Branda, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Aiwei Wan, a native and citizen of China, seeks review of an April 10, 2014, decision of the BIA denying her motion to reconsider and reopen. *In re Aiwei Wan,* No. A073 533 991 (B.I.A. Apr. 10, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). Wan filed with the BIA a motion to reconsider the denial of her second motion to reopen as untimely and a third motion to reopen. In support, Wan submitted evidence related to her claim that she fears persecution based on the birth of her children in the United States purportedly in violation of China's population control program. At bottom, the issue underlying both reconsideration and reopening is whether Wan's proceedings should have been reopened to allow her to apply for asylum based on a change in conditions in China.

It is undisputed that Wan's motions to reopen were untimely and number barred because they were her second and third motions filed more than a decade after her deportation order became

2

final. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). These time and numerical limitations do not apply if the motion is to reopen proceedings in order to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

For largely the same reasons as this Court set forth in *Jian Hui Shao*, we find no error in the agency's determination that Wan failed to demonstrate a material change in country conditions or her prima facie eligibility for relief. *See* 546 F.3d at 158-72. As with the evidence discussed in *Jian Hui Shao*, Wan's evidence related to Zhejiang Province is insufficient because it does not discuss the use of force in the enforcement of the family planning policy. *See id.* at 160-61, 165-66, 171-72.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument

3

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4